IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Darion E. Parker, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | Civil Action No. 6:21-cv-1814-TMC |
| v. ) | |
| ) | **ORDER** |
| Webbank and Fingerhut, ) | |
| ) | |
| ) | |
|        Defendants. ) | |
| ) | |

Plaintiff Darion E. Parker ("Parker") brought this action *pro se* and *in forma pauperis* alleging that Defendants Webbank and Fingerhut violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. §§ 1692–1692p. (ECF Nos. 1; 1-1). In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court dismiss Parker's action without issuance and service of process for failure to state a claim. (ECF No. 11 at 7). Parker filed objections to the Report. (ECF No. 14). The matter is ripe for review, and the court need not conduct a hearing to dispose of the matter as the materials before the court are adequate to render a decision.

**I. Procedural Summary and Background**

The Report adequately summarizes the relevant facts and background (ECF No. 11 at 1–3) and the court will not recount the facts at length here. In sum, Parker alleges Defendants wrongly believe Parker is in arrears on his Webbank/Fingerhut revolving credit account and have violated numerous provisions of the FDCPA in an effort to collect the alleged debt. (ECF Nos. 1 at 6–7; 1-

1 at 3, 22–21). Parker seeks damages under the FDCPA for, among other things, Defendants' alleged attempt(s) to collect the purported debt without validation and calls to Parker while he was sleeping; Defendants' continued claims that Parker owes money without validating the debt; Defendants' failure to settle Parker's claims or provide validation; and Defendants' use of misrepresentations and profanity in collecting the alleged debt. (ECF No. 1 at 6–7).[1]

The magistrate judge determined that, with respect to Parker's FDCPA causes of action, the complaint fails to state a claim because the FDCPA applies only to debt collectors and neither Webbank nor Fingerhut qualify as a "debt collector" under the FDCPA. (ECF No. 11 at 6). As noted by the magistrate judge, the Fourth Circuit requires a plaintiff asserting a claim under the FDCPA to allege that (1) he was the object of collection activity arising from a consumer debt as defined in the FDCPA; (2) the defendants are debt collectors as defined in the FDCPA; and (3) the defendants engaged in an act or omission prohibited by the FDCPA. *Id*. at 5–6 (citing *Boosahda v. Providence Dane LLC*, 462 Fed. App'x 331, 333 n.3 (4th Cir. 2012)). Significantly, "[t]he FDCPA does not apply to creditors who collect their own debts; it applies only to debt collectors who collect debts owed to another." *Frazier v. Morristown Mem'l Hosp.*, 767 Fed. App'x 371, 375 (3d Cir. 2019). Based on the documents attached to and referenced by the complaint that reflect Defendants opened a revolving credit account for which Parker had applied, the magistrate judge determined that Defendants "are creditors collecting their own debt and are, therefore, not debt collectors." (ECF No. 11 at 6, 6 n.2). Accordingly, the magistrate judge concluded that Parker

---

[1] In his *pro se* form complaint, Parker cites to 18 U.S.C. § 1343, and 15 U.S.C. § 1601 in addition to the FDCPA. (ECF No. 1 at 3). However, Parker only seeks relief under the FDCPA, *id*. at 7, and includes no allegations reflecting the possibility of a potentially meritorious claim under the other miscellaneous federal statutes he cites in passing.

failed to state a claim under FDCPA and recommended that the court dismiss the action without issuance and service of process. *Id*. at 7.

## II. Legal Standard

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the

court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Since Parker is proceeding *pro se*, this court is charged with construing the complaint liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Discussion

In his objections, Parker restates many of his claims and offers a number of frivolous responses to the Report, including a claim that he, not Defendants, is the "original creditor" with respect to his Webbank/Fingerhut credit account because he "initiate[d] this consumer credit transaction." (ECF No. 14 at 1). Parker also appears to argue that Defendants are limited by federal law only to borrowing money. *Id*. Finally, Parker seems to object to the Report on the grounds that he never consented to the magistrate judge's participation and consideration of his claims and that the issuance of the Report, therefore, violated 18 U.S.C. § 242. *Id*. at 2.

Having carefully considered the Report and the materials presented by Parker, the court agrees with the findings and conclusions of the magistrate judge and finds no reason to deviate therefrom. Accordingly, the court adopts the Report and incorporates it herein. (ECF No.11).

## IV. Conclusion

For the reasons set forth in the Report (ECF No. 11), the court **DISMISSES** this action, without issuance and service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

September 10, 2021
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.